[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 4, 2000, the plaintiff filed a complaint against the defendants, SMR Management (SMR), Connecticut Physical Therapy, LLC (CPT), Robert Recklett and Josephine Ballard. The plaintiff alleges, inter alia, that Recklett is an employee of SMR, is a member of CPT and is authorized to fire employees of both companies. The plaintiff alleges that Ballard is a secretary/treasurer of SMR and is authorized to hire and fire employees in conjunction with Recklett. The plaintiff further alleges that on April 9, 1998, she was fired from her job with SMR and CPT because she was seven months pregnant. The plaintiff alleges that Recklett and Ballard conspired to create a working environment which was hostile to the plaintiff prior to her firing.
On April 2, 2001, the defendants moved to strike the plaintiff's CT Page 9920 complaint as it pertains to the individual defendants, Recklett and Ballard.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
The defendants argue that only employers, as defined by statute, may incur liability for discrimination against a pregnant woman. Specifically, the defendants argue that neither Ballard nor Recklett qualify as an "employer" under General Statutes § 46a-51(10). The defendants further argue that, by way of analogy to General Statutes §§ 46a-60(a)(1) and 46a-60 (a)(8), the language contained in General Statutes § 46a-60(a)(7)(A) does not give rise to individual liability for supervisory personnel. In response, the plaintiff argues that the court has already ruled that she may bring a cause of action for pregnancy discrimination. McCowan v. SMR Management, Superior Court, judicial district of Waterbury, Docket No. 159163 (March 13, 2001,Doherty, J.).
General Statutes § 46a-60(a)(7)(A) provides that it is a discriminatory practice "[f]or an employer, by himself or his agent . . . to terminate a woman's employment because of her pregnancy." General Statutes § 46a-51 (10) defines an "employer" as "any person or employer with three or more persons in his employ." The statutory language, "for an employer, by himself or his agent," is also contained in General Statutes §§ 46a-60(a)(1) and 46a-60(a)(8).[1] In interpreting this specific language, this court has held that there is no individual liability for supervisory personnel under General Statutes § 46a-60(a)(1) because the individual defendants are not "employers" as set forth in General Statutes § 46a-51(10). See Sefsik v.Fiandra, Superior Court, judicial district of Danbury, Docket No. 326723 (August 5, 1998, Rogers, J.); see also Walters v. Homestaff Health Care, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 14691 (February 8, 1996, Tobin, J.) (granting the defendant's motion to strike because there is no individual liability under General Statutes § 46a-60(a)(8)). CT Page 9921
The plaintiff has failed to allege that the individual defendants, Recklett and Ballard, are "employers" as defined under General Statutes § 46a-51(10). "It is well settled that a statute must be applied as its words direct." Pascarelli v. Moliterno Stone Sales, Inc.,44 Conn. App. 397, 400, 689 A.2d 1132, cert. denied, 240 Conn. 926,692 A.2d 1282 (1997). The plaintiff has failed therefore to state claim upon which relief may be granted pursuant to General Statutes §46a-60(a)(7)(A)[2] . Accordingly, the defendants' motion to strike the complaint as to Recklett and Ballard is granted.
CHASE T. ROGERS, J.